UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| TCP RYAN STREET, LLC | CIVIL ACTION NO: 2:22-cv-02022-JDC-TPL |
| VERSUS | |
| | JUDGE JAMES D. CAIN, JR. |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND ZURICH AMERICAN INSURANCE COMPANY | MAGISTRATE JUDGE THOMAS P LEBLANC |

### WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S RESPONSE TO TCP RYAN STREET, LLC'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.2, defendant Westchester Surplus Lines Insurance Company ("Westchester") submits the following response to the statement of undisputed facts[1] submitted by plaintiff TCP Ryan Street, LLC:

22. An ACCORD form titled "Evidence of Commercial Property Insurance" related to the Property identifies TCP Ryan Street, LLC as an additional interest and loss payee on the Policy issued to MRI Heritage Brands, Inc., as the Named Insured with a Policy Effective Date of 04/01/2020 to 04/01/2021.

**Westchester's Response:** Denied as written. Westchester admits that there is an ACCORD form titled "Evidence of Commercial Property Insurance" and dated September 14, 2020 that lists TCP Realty Services, LLC as a "Loss Payee" and TCP Ryan Street, LLC as an "Additional Insured" for a policy issued by Zurich American Insurance Company for the policy period 4/1/2020 to 4/1/2021.[2] Westchester denies any suggestion that this document has any bearing on the terms, limits, conditions, exclusions, or limits of liability under Westchester's Policy, which

---

[1] Plaintiff's statement of undisputed facts (R. Doc. 24-8) consisted of all the facts alleged by Westchester in its previously submitted statement of undisputed facts (R. Doc. 22-1), Plaintiff's responses to those facts, and two additional allegedly undisputed facts submitted by Plaintiff (Nos. 22 and 27, delineated as additional facts by italics). Westchester's response to Plaintiff's statement of undisputed facts therefore responds only to the two additional facts alleged by Plaintiff.

[2] *See* R. Doc. 22-22.

expressly provides that "Certificates of Insurance do not amend, modify, or alter any term or condition of this Policy," and that "Certificates of Insurance are never recognized as endorsements or policy change requests."[3] Westchester further avers that the ACCORD form is immaterial because Louisiana law establishes that such certificates of insurance cannot contradict the terms of a policy, and that entities cannot be made additional insureds under insurance policies based on the contents of a certificate of insurance.[4]

27.     On September 7, 2020, MRI provided to Westchester's adjuster, Domingo Gill, with the lease agreement relating the Property, which provided that MRI was responsible for obtaining insurance for the Property and obligated MRI to name TCP as an insured and loss payee.

**Westchester's Response**: Denied as written. Westchester admits that Nancy Cross of MRI sent Domingo Gill of Chubb an email on September 7, 2020, stating that "[t]he requested lease for Casa Ole #649 Lake Charles, Louisiana is attached," and a subsequent email on September 8, 2020, stating that "[t]he full lease is attached."[5] Westchester also admits that the lease agreement between MRI and Plaintiff required that MRI obtain coverage for the Property under a policy "nam[ing] only the Landlord and/or its designee as the sole insured" and providing that "the proceeds thereof shall be payable to Landlord or its designee."[6] Westchester denies any suggestion that notice of the lease agreement to Westchester provides Plaintiff with coverage under Westchester's Policy and avers that the Policy requires that any additional insured be added to the Policy by written request and endorsement, and that it is undisputed that MRI never

---

[3]   *See* R. Doc. 22-3, at 1, 11.

[4]   *See Hanover Ins. Co. v. Superior Labor Servs., Inc.*, No. 11-2375, 2017 WL 3621242, at *4 (E.D. La. Aug. 21, 2017); *Advantage Roofing & Constr. of La., Inc. v. Landmark Am. Ins. Co.*, No. 16-677, 2018 WL1955516, at *8–10 (M.D. La. Mar. 13, 2018).

[5]   *See* R. Doc. 22-7.

[6]   R. Doc. 22-8, at 15.

submitted any such written request and that the Policy was never endorsed to add Plaintiff as a covered entity.[7]

Respectfully submitted,

/s/ *John W. Joyce*
John W. Joyce, 27525
Laurence D. LeSueur, 35206
Robert Waldrup, 37345
Alexandra L. Gjertson, 39893
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9701
jjoyce@barrassousdin.com
llesueur@barrassousdin.com
rwaldrup@barrassousdin.com
agjertson@barrassousdin.com

*Attorneys for Westchester Surplus Lines Insurance Company*

---

[7] *See* R. Doc. 22-3, at 1, 11.